1  Patrick W. Kelly, Bar No. 274588
   pkelly@swlaw.com
2  SNELL & WILMER L.L.P.
   350 South Grand Avenue, Suite 3100
3  Los Angeles, California 90071
   Telephone:  213.929.2500
4  Facsimile:   213.929.2525

5  Attorneys for Plaintiff
   Harman International Industries, Inc.
6

7

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10

11 HARMAN INTERNATIONAL                 Case No.  2:20-CV-08222
   INDUSTRIES, INC., a Delaware
12 corporation,                         **COMPLAINT FOR:**

13            Plaintiff,                **(1)  Federal Trademark
                                        Infringement;**
14      v.                              **(2)  Federal False Designation of
                                        Origin & Unfair Competition;**
15 JEM ACCESSORIES, INC. DBA            **(3)  Federal Trademark Dilution;**
   XTREME CABLES, a New Jersey          **(4)  Unfair Competition Under Cal.
16 corporation,                         Bus & Prof. Code § 17200;**
                                        **(5)  Common Law Trademark
17            Defendant.                Infringement;**
                                        **(6)  Declaratory Judgment of Non-
18                                      Infringement; and**
                                        **(7)  Declaratory Judgment of Non-
19                                      Infringement.**
20
21                                      **JURY TRIAL DEMANDED**
22
23
24
25
26
27
28

                                        COMPLAINT
                                        2:20-CV-08222

Plaintiff Harman International Industries, Inc. ("Harman" or "Plaintiff"), for its Complaint against Defendant Jem Accessories, Inc. dba Xtreme Cables ("Jem" or "Defendant"), alleges as follows:

## OVERVIEW OF THIS ACTION

1.      Harman, whose largest corporate division is located in California, owns some of the most famous audio brands in the world, such as INFINITY® and JBL®. Jem has helped itself to Harman's federally registered INFINITY® mark and is advertising and selling INFINITY-branded speakers throughout the United States, including in California. Harman commenced this action to stop Jem from using INFINITY and to protect consumers from Jem's knock-off INFINITY-branded speakers.

2.      Harman also seeks a declaration that its use of the descriptor "Xtreme" in connection with the advertising and sale of various JBL®-branded speakers, i.e., JBL® OnBeat Xtreme Speakers, JBL® Xtreme Speakers, JBL® Xtreme Speakers 2, does not infringe or violate any XTREME mark allegedly owned by Jem. For nearly two decades, Jem watched as Harman advertised and sold JBL® Control Xtreme speakers followed by JBL® OnBeat Xtreme Speakers followed by JBL® Xtreme Speakers and followed by JBL® Xtreme Speakers 2 and enjoyed extraordinary success, while Jem languished. In late June, Jem decided to attempt to misappropriate Harman's success.

3.      Jem improperly sued Harman in New York, a venue in which neither Jem nor Harman have principal places of business or are incorporated. In the New York action, Jem alleges that Harman's use of "Xtreme" in connection with certain JBL® speakers infringes Jem's alleged mark XTREME and variations thereof and seeks treble damages from sales Harman made while Jem watched in silence. Harman will be moving to dismiss the claims against it in the New York action or transfer those claims to this Court for consolidation with this action.

SNELL & WILMER

L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
CITY NATIONAL PLAZA
LOS ANGELES, CALIFORNIA 90071

COMPLAINT
2:20-CV-08222

4837-6942-6122

1

## PARTIES

2    4.    Harman is a Delaware corporation with a principal place of business

3    located at 8500 Balboa Boulevard, Northridge, California 91329.

4    5.    Jem is a New Jersey corporation with a principal place of business

5    located at 32 Brunswick Avenue, Edison, New Jersey 08817.

6    ## JURISDICTION AND VENUE

7    6.    The Court has subject matter jurisdiction over Harman's claims for

8    trademark infringement, false designation of origin, unfair competition, and

9    trademark dilution, as well as its claims for declaratory judgment, because they all

10   arise under federal law. 15 U.S.C. § 1121; 28 U.S.C. §§ 1331, 1338; 28 U.S.C. §§

11   2201, 2202. The Court has supplemental jurisdiction over Harman's state-law claims

12   because they are so related to the federal claims that they are part of the same case or

13   controversy and derive from a common nucleus of operative facts. 28 U.S.C. §

14   1367(a).

15   7.    The Court has personal jurisdiction over Jem because Jem owns and

16   operates interactive websites xtremecables.com and xtremecables.net where it

17   advertises, promotes, markets, distributes and sells audio products to California

18   residents, including speakers and product packages bearing Harman's famous mark

19   INFINITY, as well as audio-related products and product packages bearing marks

20   that Jem alleges are infringed by Harman's use of "Xtreme" in connection with

21   certain JBL® speakers.

22   8.    Jem purposefully advertises, promotes, markets, distributes and sells its

23   audio products, including speakers and product packages bearing Harman's famous

24   mark INFINITY to retailers in California who Jem knows, in turn, sell to end users

25   in California, thereby causing confusion, deception and mistake among businesses,

26   consumers and end users in California.

27   9.    Jem is infringing, unfairly competing with and diluting Harman's

28   INFINITY® mark, with actual knowledge that Harman resides in California and is

COMPLAINT
2:20-CV-08222

4837-6942-6122

thus being harmed in California. Harman's largest corporate division, its Lifestyle Audio Division, is in California and is responsible for the marketing, promotion, advertising and sale of its INFINITY®-branded speakers, as well the JBL®-branded speakers in connection with which Harman uses the descriptor Xtreme.

10.     This Court also has pendent personal jurisdiction over Jem. Jem markets, promotes, advertises and sells INFINITY-branded speakers in packages to customers and end users in California. Jem's advertising, promotion, distribution and sale of INFINITY-branded speakers infringes, unfairly competes with and dilutes Harman's famous and federally registered INFINITY® marks for speakers. Harman's use of "Xtreme" in connection with the advertising, promotion, distribution and sale of JBL®-branded speakers **does not** infringe, unfairly compete with, dilute or otherwise violate any rights that Jem may own in its alleged XTREME marks or variations thereof.

11.     Venue is proper in this judicial district because this Court has personal jurisdiction over Jem. 28 U.S.C. § 1391(c)(2). Jem resides in this district under 28 U.S.C. § 1391(d) and a substantial part of the events or omissions that give rise to Harman's claims occurred in this district because, among other things, Harman's Lifestyle Audio Division is located in this district and is responsible for the advertising, marketing, promotion and sale of the INFINITY®-branded speakers, as well as the JBL®-branded speakers in connection with which Harman uses the descriptor "Xtreme." 28 U.S.C. § 1391(b)(1) and (b)(2).

## **FACTS GIVING RISE TO HARMAN'S CLAIMS**

### **I.     Harman's Claims for Trademark Infringement, False Designation of Origin, Unfair Competition and Trademark Dilution**

#### A.     Harman and Its INFINITY®-Branded Speakers

12.     Harman has continuously sold speakers under the mark INFINITY® in the United States since 1969.

COMPLAINT
2:20-CV-08222

4837-6942-6122

13. Harman's INFINITY® mark for speakers is inherently distinctive because it does not describe an attribute or characteristic of speakers.

14. Harman owns U.S. Registration Nos. 1,130,710 and 1,385,113 for INFINITY® for speakers. Exhibit A (INFINITY® registrations).

15. Issued over 30 years ago, Harman's registrations for INFINITY® for speakers are incontestable and thus "conclusive evidence" of the validity of that mark and Harman's ownership and "exclusive right" to use that mark on speakers. *See* 15 U.S.C. § 1115(b).

16. For many years, Harman has advertised, promoted, distributed and sold INFINITY®-branded speakers at **infinityspeakers.com, harmanaudio.com** and in stores throughout the United States.

17. Based on 50 years of continuous, substantially exclusive use of the mark INFINITY® for speakers, the substantial investment of resources to advertise and promote INFINITY®-branded speakers, significant revenues from the sale of those speakers, and generations of unsolicited media coverage of INFINITY®-branded speakers, Harman's INFINITY® mark for speakers is widely recognized by the general consuming public, including customers and end users of speakers, in the United States and California as a designation of the source of speakers.

B.   Jem's Advertising and Sale of Speakers Under the Mark INFINITY

18. Decades after Harman began to use and had registered the INFINITY® mark for speakers, Jem commenced use of the INFINITY mark to advertise, promote, distribute and sell speakers without Harman's authorization.

19. Jem's INFINITY mark is identical in sight, sound, meaning, and commercial impression to Harman's famous INFINITY® mark for speakers.

20. Jem uses the mark INFINITY for speakers, the same product for which Harman uses and has registered its INFINITY® mark.

COMPLAINT
2:20-CV-08222

4837-6942-6122

21.     Jem's use of the mark INFINITY for speakers is likely to cause confusion, mistake and deception as to the origin and association of Jem's speakers and is likely to dilute Harman's famous INFINITY® mark for speakers.

22.     Jem's unauthorized use of the INFINITY mark for speakers has caused Harman to lose control over the goodwill associated with the INFINITY® mark for speakers, thereby causing Harman to suffer irreparable harm.

## II.     Harman's Claims for Declaratory Judgment

### A.     Harman and Its JBL® Speakers

23.     Harman has continuously sold speakers under the JBL® mark in the United States since 1949.

24.     Harman owns incontestable federal registrations for the JBL® mark for speakers, including Registration Nos. 782,327, 883,096 and 880,890, all of which issued over 50 years ago. Exhibit B (JBL® registrations).

25.     Based on 70 years of continuous, substantially exclusive use of the mark JBL® for speakers, the investment of significant resources to advertise and promote JBL®-branded speakers, substantial revenues from the sale of those speakers and generations of unsolicited media coverage of the speakers, Harman's JBL® mark for speakers is widely recognized by the general consuming public, including customers and end users of speakers, in the United States and California as a designation of the source of speakers.

26.     Harman uses descriptive terms in connection with JBL®-branded speakers including "Flip", "Boombox" and "Charge," among others. Since as early as 2002, Harman began to use the term "Xtreme" in connection with JBL®-branded speakers, starting with JBL® Control Xtreme Speakers, followed by JBL® OnBeat Xtreme Speakers, followed by JBL® Xtreme Speakers, and now followed by JBL® Xtreme 2 Speakers.

COMPLAINT
2:20-CV-08222

4837-6942-6122

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
CITY NATIONAL PLAZA
LOS ANGELES, CALIFORNIA 90071

27.    Since as early as 2002, Harman has advertised, promoted and marketed JBL®-branded speakers that use the descriptive term "Xtreme" to tens of millions of people throughout the United States, including by way of print and the Internet.

28.    New models of Harman's JBL®-branded speakers that use the descriptor "Xtreme" (as well as those using other descriptive terms) have been featured at prominent industry and trade shows for over a decade.

29.    Over the last two decades, Harman's JBL®-branded speakers using the descriptor Xtreme (as well as those using other descriptors) have garnered numerous accolades and recognitions.

30.    Since at least 2002, Harman's JBL®-branded speakers that use the Xtreme descriptor (as well as those using other descriptors) have generated substantial media coverage throughout the United States, including in The New York Times, The Boston Herald, The Guardian, Business Insider, The Daily Beast, Slate, CNET, and TechHive.

31.    Since at least 2002, Harman has advertised, distributed and sold JBL®-branded speakers using the descriptive term Xtreme to customers and end users throughout the United States.

B.    Jem's Infringement Allegations Against Harman

32.    Despite Harman's widespread, open and continuous use of Xtreme in connection with JBL®-branded speakers since at least 2002, Jem suddenly sued Harman in late June 2020 in New York federal court alleging that Harman's use of "Xtreme" for certain speakers infringes Jem's federally registered XTREME DIGITAL LIFESTLYE ACCESSORIES (Stylized) and XTRAEM marks and common-law marks XTREME and X XTREME for audio products and accessories (collectively, "Jem's alleged XTREME marks").

33.    Jem's alleged XTREME marks are weak, dilute, and not recognized by the public as identifying the source of audio products or accessories. Numerous third parties have used and are using Xtreme to describe audio products and accessories.

4837-6942-6122

Harman's use of the word "Xtreme" to describe JBL®-branded speakers is substantially dissimilar in sight, sound, meaning, and commercial impression to Jem's alleged XTREME marks. Harman uses its famous JBL® mark near Xtreme on packaging, in advertising, and on the speakers themselves and the font, color, size and type face in which Xtreme appears in connection with the speakers is different from the font, color, size and type face in which Jem's alleged XTREME marks appear.

34.     Despite extensive advertising, promotion, distribution, sales and media coverage of JBL®-branded speakers that use the descriptive term Xtreme since at least 2002, Harman is unaware of any instance of any person being confused that Harman's JBL® speakers were made by or associated with Jem, Jem's products, or Jem's alleged XTREME marks.

35.     There is no likelihood of confusion, deception or mistake arising from Harman's advertising, promotion, marketing, distribution, packaging and/or sale of JBL®-branded speakers that use Xtreme, including those dating speakers back to 2002.

## FIRST CLAIM FOR RELIEF

### Direct and Contributory Federal Trademark Infringement, False Designation of Origin and Unfair Competition

### (15 U.S.C. § 1114(1))

36.     Harman re-alleges the allegations in Paragraphs 1 through 35, above.

37.     Harman owns valid and incontestable federal trademark registrations for the mark INFINITY® for speakers.

38.     Jem's use of the mark INFINITY in connection with the advertising, promotion, marketing, distribution and sale of speakers is likely to cause confusion, mistake, or deception that Harman manufactures, licenses, sponsors or approves those speakers and/or that Harman is affiliated, connected or associated with the speakers.

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
CITY NATIONAL 2CAL
LOS ANGELES, CALIFORNIA 90071

4837-6942-6122

39.   Jem sells and distributes INFINITY-branded speakers to companies and retailers, including in California, who Jem knows, in turn, sell those speakers to end users throughout the United States, including end users in California.

40.   Jem's use of the INFINITY mark constitutes direct and contributory trademark infringement, false designation of origin, and unfair competition in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

41.   Jem's wrongful conduct has caused and is causing irreparable harm to Harman for which Harman has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

**Direct and Contributory Federal Trademark Infringement, False Designation of Origin and Unfair Competition**

**(15 U.S.C. § 1125(a))**

42.   Harman re-alleges the allegations in Paragraphs 1 through 41, above.

43.   Harman owns valid federally registered and common-law marks for INFINITY® for speakers.

44.   Jem's use of the INFINITY mark in connection with the advertising, promotion, marketing, distribution and sale of speakers is likely to cause confusion, mistake, or deception that Harman manufactures, licenses, sponsors or approves those speakers and/or that Harman is affiliated, connected or associated with the speakers.

45.   Jem sells and distributes speakers under the mark INFINITY to companies and retailers, including in California, who Jem knows, in turn, sell those speakers directly to end users throughout the United States, including to end users in California.

46.   Jem's use of INFINITY for speakers constitutes direct and contributory trademark infringement, false designation of origin and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
CITY NATIONAL 2CAL
LOS ANGELES, CALIFORNIA 90071

COMPLAINT
2:20-CV-08222

4837-6942-6122

47.    Jem's wrongful conduct has caused and is causing irreparable harm to Harman for which Harman has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### Federal Trademark Dilution

### (15 U.S.C. § 1125(c))

48.    Harman re-alleges the allegations in Paragraphs 1 through 47, above.

49.    Harman owns valid federally registered and common-law marks for INFINITY® for speakers.

50.    Harman's INFINITY® marks are widely recognized by the general consuming public in the United States as a designation of source of speakers and were so decades before Jem commenced use of the mark INFINITY for speakers.

51.    Harman's INFINITY® marks for speakers are famous and became famous for speakers before Jem commenced use of the mark INFINITY for speakers.

52.    Jem's INFINITY mark for speakers so closely resembles Harman's registered INFINITY® marks for speakers as to be likely to cause the dilution of the distinctive quality of Harman's INFINITY® marks for speakers in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

53.    Jem's wrongful conduct has caused and will continue to cause irreparable harm to Harman for which Harman has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### Direct and Contributory Unfair Competition in Violation of

### California Business & Professions Code § 17200 *et seq.*

54.    Harman re-alleges the allegations in Paragraphs 1 through 53, above.

55.    Harman owns valid federally registered and common-law marks for INFINITY® for speakers.

56.    Jem's use of the mark INFINITY in connection with advertising, promotion, marketing, distribution and sale of speakers is likely to cause confusion,

4837-6942-6122

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
CITY NATIONAL 2CAL
LOS ANGELES, CALIFORNIA 90071

mistake, or deception that Harman manufactures, licenses, sponsors or approves the speakers and/or that Harman is affiliated, connected or associated with the speakers.

57.     Jem sells and distributes speakers under the mark INFINITY to companies and retailers, including in California, who Jem knows, in turn, sell those speakers directly to end users throughout the United States, including end users in California.

58.     Jem's unlawful and unfair business acts and practices constitute direct and contributory unfair competition in violation of Section 17200 of the California Business & Professions Code.

59.     Jem's wrongful conduct has caused and is continuing to cause irreparable harm to Harman for which Harman has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

### Direct and Contributory Trademark Infringement, False Designation of Origin, and Unfair Competition Under California Law

60.     Harman re-alleges the allegations in Paragraphs 1 through 59, above.

61.     Harman owns federally registered and common-law marks for INFINITY® for speakers.

62.     Jem's use of INFINITY in connection with the advertising, promotion, marketing, distribution and sale of speakers is likely to cause confusion, mistake, or deception that Harman manufactures, licenses, sponsors or approves those speakers and/or that Harman is affiliated, connected or associated with the speakers.

63.     Jem sells and distributes speakers under the mark INFINITY to companies and retailers, including in California, who Jem knows, in turn, sell those speakers directly to end users throughout the United States, including end users in California.

64.     Jem's wrongful conduct constitutes direct and contributory trademark infringement, false designation of origin and unfair competition in violation of California law.

- 11 -

4837-6942-6122

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
CITY NATIONAL PLAZA
LOS ANGELES, CALIFORNIA 90071

65.    Jem's wrongful conduct has caused and is causing irreparable harm to Harman for which Harman has no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF

**Declaratory Judgment That Harman's Use of Xtreme Does Not Infringe**

**Jem's Federally Registered Marks**

**(28 U.S.C. §§ 2201, 2202)**

66.    Harman re-alleges the allegations in Paragraphs 1 through 65, above.

67.    Jem has asserted in the New York action that Harman's use of Xtreme in connection with the sale, offering for sale, distribution, or advertising of certain speakers infringes Jem's federally registered marks for XTREME DIGITAL LIFESTYLE ACCESSORIES (Stylized) for "brackets specially adapted for setting up flat screen TV sets; carrying cases for mobile computers; cell phone battery chargers; cell phone cases; cell phone covers; computer mouse; computer stylus; protective cases for smartphones," (Registration No. 4,563,219) and for XTRAEM for "earphones, headphones, and ear buds," (Registration No. 4,264,683) in violation of 15 U.S.C. §§ 1114 and 1125.

68.    Harman used "Xtreme" for speakers before Jem's alleged first use of its XTREME marks, including Jem's mark XTRAEM in Registration No. 4,426,683, which is an invalid registration and is no longer in effect.

69.    Harman's use of Xtreme for speaker products does not cause a likelihood of confusion with Jem's federally registered XTREME DIGITAL LIFESTYLE ACCESSORIES (Stylized) or XTRAEM marks and does not infringe, unfairly compete with, dilute or otherwise violate in any way Jem's federally registered marks under the federal Lanham Act or any other federal or state law.

70.    Harman and Jem have a controversy of sufficient immediacy and reality to warrant declaratory relief.

71.    Pursuant to 28 U.S.C. §§ 2201 and 2202, Harman is entitled to the issuance of a judgment declaring that Harman's use of Xtreme in connection with the

COMPLAINT
2:20-CV-08222

4837-6942-6122

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
LOS ANGELES, CALIFORNIA 90071
CITY NATIONAL 2CAL

advertising, promotion, marketing, distribution and sale of speaker products, including those speakers not expressly identified in Jem's Amended Complaint in the New York action does not infringe, unfair compete with, dilute or in any way violate Jem's federally registered XTREME DIGITAL LIFESTYLE ACCESSORIES (Stylized) and XTRAEM marks under the federal Lanham Act or state law.

## SEVENTH CLAIM FOR RELIEF

**Declaratory Judgment that Harman's Use of Xtreme Does Not Infringe Jem's Claimed Common-Law Marks Xtreme, X Xtreme, Xtreme Digital Lifestyle Accessories, Xtraem, and Variations Thereof**

**(28 U.S.C. §§ 2201, 2202)**

72.     Harman re-alleges the allegations in Paragraphs 1 through 71, above.

73.     Jem has asserted in the New York action that Harman's use of Xtreme in connection with the sale, offering for sale, distribution, or advertising of certain speakers infringes Jem's alleged common-law rights in Xtreme, X Xtreme, Xtreme Digital Lifestyle Accessories, Xtraem, and any variations thereof, in violation of 15 U.S.C. § 1125 and New York common law.

74.     Harman used "Xtreme" for speakers before Jem's alleged first use of its XTREME marks.

75.     Harman's use of Xtreme, including in connection with the speakers that are not expressly identified in Jem's Complaint in the New York action does not cause a likelihood of confusion, deception or mistake with Jem or Jem's claimed common-law marks Xtreme, X Xtreme, Xtreme Digital Lifestyle Accessories, Xtraem, and any variations thereof and does not infringe, unfairly compete with, dilute or otherwise violate any Xtreme or Xtreme-formative marks alleged to be owned by Jem under the Lanham Act or any state law.

76.     Harman and Jem have a controversy of sufficient immediacy and reality to warrant declaratory relief.

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
LOS ANGELES, CALIFORNIA 90071

4837-6942-6122

77.     Pursuant to 28 U.S.C. §§ 2201 and 2202, Harman is entitled to the issuance of a judgment declaring that Harman's use of Xtreme for speakers, including the speakers that are not expressly identified in Jem's Complaint in the New York action, does not infringe, unfairly compete with, dilute or otherwise violate in any way Jem's claimed common-law marks Xtreme, X Xtreme, Xtreme Digital Lifestyle Accessories, Xtraem, and any variation thereof under the Lanham Act or state law.

## **PRAYER FOR RELIEF**

WHEREFORE Harman prays that the Court:

a.     Enter judgment in favor of Harman and against Jem on each claim alleged in this Complaint;

b.     Enter a permanent injunction enjoining Jem and each of its agents, servants, employees, attorneys, officers, and all others in privity and acting in concert with Jem from (a) using or causing others to use in United States commerce the mark INFINITY and any similar marks, alone or in combination with any other word(s), term(s), designation(s), mark(s), or design(s), pursuant to 15 U.S.C. § 1116;

c.     Order Jem to deliver up for destruction all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements in Jem's possession bearing the mark INFINITY and any similar marks, alone or in combination with any other word(s), term(s), designation(s), mark(s), or design(s), pursuant to 15 U.S.C. § 1118;

d.     Require Jem to file with the Court and serve on Harman within thirty (30) days after entry of an injunction and destruction orders a report in writing under oath setting forth in detail how Jem has complied with such orders;

e.     Award Harman its reasonable costs and attorney's fees associated with the claims set forth in this action under federal and state law;

f.     Declare that Harman's use of Xtreme for speakers, including those identified and not identified in Jem's New York action, does not infringe, unfairly compete with, dilute or otherwise violate in any way Jem's federally registered

4837-6942-6122

XTREME DIGITAL LIFESTYLE ACCESSORIES (Stylized) and XTRAEM marks under the Lanham Act or any other federal or state law;

g.       Declare that Harman's use of Xtreme for speakers, including those identified and not identified in Jem's New York action, does not infringe, unfairly compete with, dilute or otherwise violate in any way Jem's alleged common-law marks Xtreme, X Xtreme, Xtreme Digital Lifestyle Accessories, Xtraem or any variation thereof under the federal Lanham Act or any other federal or state law; and

h.       Grant such other and further relief as the Court may deem just and proper.

Dated:  September 8, 2020                     SNELL & WILMER L.L.P.

By: _____
       Patrick W. Kelly

       Attorneys for Plaintiff
       Harman International Industries, Inc.

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
CITY NATIONAL PLAZA
LOS ANGELES, CALIFORNIA 90071

- 15 -

4837-6942-6122

1

## **DEMAND FOR JURY TRIAL**

2      Harman International Industries, Inc. hereby demands a trial by jury on all

3   claims so triable.

4

5   Dated:  September 8, 2020                          SNELL & WILMER L.L.P.

6

7   By:  _____
                    Patrick W. Kelly

8

9                                                  Attorneys for Plaintiff
                                                   Harman International Industries, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 16 -                              COMPLAINT
                                                           2:20-CV-08222